**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Derrick MILLER, Defendant–Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Calvin WALLACE, Defendant–Appellant.**

Nos. 93–2451, 93–2936.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 16, 1993.

Decided April 7, 1994.

Rehearing Denied April 29, 1994.

Gregory G. Fenlon, St. Louis, MO, argued, for appellant Calvin Wallace.

James Delworth, St. Louis, MO, argued (Edward L. Dowd, Jr. and James C. Delworth, on the brief), for appellee.

Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Derrick Miller and Calvin Wallace were convicted of conspiracy to possess cocaine and marijuana with intent to distribute in violation of 21 U.S.C. § 846 (1988). In addition, Miller was convicted of carrying a firearm during a drug trafficking offense. 18 U.S.C. § 924(c) (1988). We vacate the defendants' convictions for conspiracy to possess with intent to distribute and remand to the district court with instructions to dismiss this count of the indictments with prejudice. Miller's firearm conviction is affirmed.

## I.  BACKGROUND

Morris Chalah, a confidential informant,[1] telephoned Miller and arranged to sell him

1.  On October 10, 1991, Chalah was arrested in Louisiana for possession of approximately twen-

ten kilograms of cocaine and twenty-five pounds of marijuana. On October 12, 1991, Chalah, Miller, and Kevin Glaser, an undercover police officer, met at a motel room. Miller inspected the cocaine and marijuana, took samples of the drugs, and indicated he would return with the money. Later that night, Miller returned to the motel accompanied by Wallace, who carried a suitcase containing $157,650.00 in cash. After they showed Chalah and Glaser the money, Miller and Wallace examined the drugs and discussed the transaction. Miller told Wallace to go get the car, and Wallace left the motel room. The defendants were then arrested. When Miller's car was searched, officers found an open bag on the floor beneath the steering wheel that contained a loaded semi-automatic pistol.

The government filed complaints on October 14, 1991, charging Miller and Wallace with conspiracy to possess cocaine and marijuana with intent to distribute. One week later, the magistrate determined there was probable cause and bound the defendants over for trial. Nothing further transpired until January 2, 1992, when Wallace filed a motion to dismiss under the Speedy Trial Act. On January 9, the prosecutor requested that the complaints be dismissed because the government "had decided not to proceed with criminal prosecution at this time." The court dismissed the complaints on January 10, but failed to state whether the dismissal was with or without prejudice.[2]

On October 1, 1992, a grand jury indicted Miller and Wallace for conspiracy to possess cocaine and marijuana with intent to distribute ("Count I") and indicted Miller for carrying a firearm during a drug trafficking offense ("Count II"). Miller was convicted and sentenced to two hundred six months (one

hundred forty-six on Count I and sixty on Count II) and ordered to pay a special assessment of $100.00. Wallace was convicted and sentenced to one hundred thirty months and ordered to pay a special assessment of $50.00. The defendants appeal.

## II.  DISCUSSION

### A.  The Consequences of the Pre-indictment Delay

Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (1988) ("Act"), an indictment must be filed within thirty days after a defendant is arrested or charged by summons with a crime. *Id.* § 3161(b). A violation of this deadline results in the mandatory dismissal of the charges. *Id.* § 3162(a)(1). The Act does not specify that the dismissal be either with or without prejudice; rather, the district court makes this determination. *Id.* In deciding whether to dismiss with or without prejudice, "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.*

The government's failure to file indictments or dismiss the complaints against Miller and Wallace within the proscribed thirty-day period was a clear violation of the Act.[3] When a court dismisses a complaint outside the thirty-day period and is silent as to whether the dismissal is with or without prejudice, "a subsequently filed indictment should be dismissed only if the complaint should have been dismissed with prejudice." *United States v. Bittle,* 699 F.2d 1201, 1207 (D.C.Cir.1983). The district court adopted

ty-four pounds of marijuana. Chalah told officers he was delivering the drugs to "Derrick" in St. Louis.

2.  The Court notes that the Assistant United States Attorney who presented the case on appeal is not the attorney who represented the government at the time the complaints were filed and later dismissed.

3.  If the government had dismissed the complaint within thirty days after the defendants' arrests,

then no violation of the Act would have occurred. *See, e.g., United States v. Long,* 900 F.2d 1270, 1274 (8th Cir.1990) (involving the dismissal of a complaint before the period for indictment had elapsed). *Section 18 U.S.C. 3161(d)(1) does not control* because the complaints were not dismissed or indictments filed within the thirty-day period as contemplated by that section. *See United States v. Bittle,* 699 F.2d 1201, 1208 (D.C.Cir.1983).

the magistrate's report and recommendation that the original complaints should have been dismissed without prejudice. We review the district court's evaluation of the factors outlined in the Act for an abuse of discretion. *United States v. Wiley,* 997 F.2d 378, 385 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 600, 126 L.Ed.2d 565 (1993).

■ The defendants do not dispute the seriousness of the offense. Our difficulty is with the second factor, the facts and circumstances which led to the dismissal of this case. The government suggested no reason why the complaints were not dismissed or indictments filed within the thirty-day period. Instead, the government claimed that the delay was unintentional and inadvertent. The defendants argued that the government intentionally delayed this case in order to gain a tactical advantage. The court noted that the defendants failed to offer evidence concerning the cause of the delay. The court concluded, "[t]here is simply nothing before the Court upon which any kind of informed decision can be made as to this factor." In considering the third factor, the impact of reprosecution of the administration of justice and the Act, the court found no showing that the government's conduct was part of a continuing pattern of disregard for the mandates of the Act. Finally, the court found the defendants failed to prove the delay had caused actual prejudice.

"An abuse of discretion occurs when a relevant factor that should have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all proper and no improper factors are considered, but the court in weighing those factors commits a clear error of judgment." *United States v. Kramer,* 827 F.2d 1174, 1179 (8th Cir.1987). In this case, the complaints were dismissed eighty-eight days after the defendants were arrested; this is not a short delay beyond the thirty-day time limit. *See Bittle,* 699 F.2d at 1208 (describing as a short delay where the Act was violated by thirteen days). There is no indication in the record that the court considered the length of the delay as one of the circumstances surrounding the dismissal of this case. The court thus abused it discretion in failing to consider the length of the delay and in concluding there was nothing in the record upon which an informed decision could be made concerning this factor.

■ The court also improperly required the defendants to explain the government's delay in pursuing indictments against them. The defendants, obviously, do not have access to information concerning the cause for the government's delay unless they are supplied with that information by the government. Therefore, the government bears the burden of explaining the circumstances that lead to the dismissal of this case. The government violated this statute, not the defendants, and should in all fairness be charged with both stating and validating its reasons or bases for the delay. Nevertheless, the government does not suggest any justification for violating the deadline imposed by the Act. *See United States v. Jones,* 676 F.2d 327, 328–29 (8th Cir.), *cert. denied,* 459 U.S. 832, 103 S.Ct. 71, 74 L.Ed.2d 71 (1982) (where a defendant was not charged until several months after his arrest because the government claimed that the publicity from formally charging him would jeopardize ongoing drug enforcement operations and that during the delay the government was negotiating with the defendant). The government's assertion that the delay was undeliberate is not necessarily sufficient to excuse a violation of the Act. *United States v. Russo,* 741 F.2d 1264, 1267 (11th Cir.1984); *United States v. Taylor,* 487 U.S. 326, 338, 108 S.Ct. 2413, 2420, 101 L.Ed.2d 297 (1988) (the government's truly neglectful attitude can be factored against it).

■ Although our standard of review here is for an abuse of discretion, "[a] judgment that must be arrived at by considering and applying statutory criteria, however, constitutes the application of law to fact and requires the reviewing court to undertake more substantive scrutiny to ensure that the judgment is supported in terms of the factors identified in the statute." *Id.* at 337, 108 S.Ct. at 2419–20. The Act confines the district court's discretion by mandating dismissal upon the violation of precise time limits

and specifying the criteria that must be considered in the decision whether to bar reprosecution. *Id.* at 333, 343–44, 108 S.Ct. at 2423–24.

■ As noted in *Taylor,* we recognize that the district court's judgment "should not lightly be disturbed." *Id.* at 337, 108 S.Ct. at 2420. However, in this case the court failed to consider the length of the delay, placed a burden on the defendants to show the cause for the delay, and failed to consider the government's lack of a reason to justify the delay. These failing constitute an abuse of the court's statutorily narrowed discretion. Weighing the seriousness of the crime, the facts and circumstances leading to the dismissal as we have outlined above, and the impact of reprosecution on the administration of the Act and on the administration of justice, we hold Count I of the indictments should have been dismissed with prejudice.

### B. Miller's Indictment for Carrying a Firearm

#### 1. Double Jeopardy Claim

Miller claims that if his indictment for possession with intent to distribute should have been dismissed with prejudice, then his indictment for carrying a firearm during a drug trafficking offense must also be dismissed. Relying on *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), Miller argues his prosecution on the firearm charge is barred under the Double Jeopardy Clause of the Fifth Amendment.[4] He urges that a defendant may not be prosecuted in a subsequent proceeding for an offense which incorporates all the same conduct as part of its essential elements as an offense which was charged in the first prosecution.[5] *Id.* at 519–23, 110 S.Ct. at 2092–94.[6]

■ We need not reach the merits of Miller's double jeopardy argument. This is not a case of successive prosecutions or multiple punishments for the same offense. Contrary to the defendant's assertion, jeopardy does not attach until the jury is empaneled and sworn. *See Lomax v. Armontrout,* 923 F.2d 574, 576 (8th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 60, 116 L.Ed.2d 36 (1991) (re-indictment does not violate double jeopardy clause). Furthermore, it does not matter that some of the charges are to be dismissed with prejudice because "a defendant who has been released by a court for reasons required by the Constitution or laws, but which are unrelated to factual guilt or innocence, has not been determined to be innocent in any sense of that word, absolute or otherwise." *United States v. Scott,* 437 U.S. 82, 98 n. 11, 98 S.Ct. 2187, 2197 n. 11, 57 L.Ed.2d 65 (1978). "[T]he dismissal of an indictment for preindictment delay represents a legal judgment that a defendant, although criminally culpable, may not be punished because of a supposed constitutional violation." *Id.* at 98, 98 S.Ct. at 2197. It is important to note that the Speedy Trial Act does not create consequences beyond those accompanying the dismissal with prejudice of the particular charge that was subject to the Act's time constraints. 18 U.S.C. § 3162(a)(1) (if the indictment is not filed within the time limit, then "*such* charge against that individual contained in *such* complaint shall be dismissed or otherwise dropped.") (emphasis added). The firearm charge was not included in the original complaint and is not subject to dismissal.

#### 2. Speedy Trial Claim

■ We also reject Miller's speedy trial claim as it relates to his indictment for violating 18 U.S.C. § 924(c) (carrying a firearm in relation to a drug trafficking crime).

---

4. "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const.amend. V.

5. The *Grady* double jeopardy analysis "bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the

defendant has already been prosecuted." *Grady,* 495 U.S. at 521, 110 S.Ct. at 2093.

6. We note the Supreme Court has specifically overruled the *Grady* "same conduct" test. *United States v. Dixon,* — U.S. ——, ——, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993); *see also United States v. Rodgers,* 18 F.3d 1425, 1428–29 (8th Cir.1994).

Under constitutional speedy trial analysis,[7] "[p]re-indictment delay will be sufficiently 'oppressive' to warrant dismissal of an indictment where the delay was unreasonable and substantially prejudicial to the defendant in the presentation of his case." *United States v. Savage*, 863 F.2d 595, 598 (8th Cir.1988), *cert. denied*, 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989) (quotation omitted). Miller has failed to meet this burden. The Speedy Trial Act requires dismissal as a sanction for excessive pre-indictment delay when the arrest is based on a charge that is contained in a complaint filed against the defendant. 18 U.S.C. § 3162(a)(1); *see also United States v. Ray*, 768 F.2d 991, 996 (8th Cir.1985). Because the complaint did not charge Miller with the firearm violation, no violation of the Act occurred with respect to this count of the indictment. A defendant's arrest on one charge does not necessarily trigger the right to a speedy trial on another charge filed after his arrest. *Savage*, 863 at 597. Consequently, Miller's speedy trial rights were not violated by his conviction under Count II.

We hold that the government's violation of the Speedy Trial Act requires dismissal with prejudice of the charges for conspiracy to possess with intent to distribute. The defendants' remaining allegations of error are either moot or lack merit.[8]

## III. CONCLUSION

We vacate the defendants' convictions for conspiracy to possess cocaine and marijuana with intent to distribute and remand this case to the district court with instructions to dismiss this count of the indictments with prejudice. We affirm Miller's firearm conviction.

---

7. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const.amend. VI.

8. Miller's contention that the search of his vehicle and seizure of the firearm was unconstitutional is without merit. *See United States v. Walker*, 900 F.2d 1201, 1203–04 (8th Cir.1990).