

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2001

# United States v. Oliver

Precedential or Non-Precedential:

Docket 99-6107

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"United States v. Oliver" (2001). *2001 Decisions.* Paper 12.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/12

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed January 24, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 99-6107

UNITED STATES OF AMERICA

v.

GEROLD OLIVER,

      Appellant

Appeal From The United States District Court
For The District of New Jersey
D.C. No.: 99-cr-00256
District Judge: Honorable Maryanne Trump Barry

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2000

Before: SCIRICA and AMBRO, Circuit Judges,
and POLLAK,* District Judge.

(Opinion Filed: January 24, 2001)

      CHESTER M. KELLER, ESQUIRE
      Office of Federal Public Defender
      972 Broad Street
      Newark, NJ 07102

Counsel for Appellant

_____

* Honorable Louis H. Pollak, Senior United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

ROBERT S. CLEARY, ESQUIRE
United States Attorney, District of
 New Jersey
GEORGE S. LEONE, ESQUIRE
Chief, Appeals Division
MICHAEL L. MARTINEZ, ESQUIRE
Assistant United States Attorney
970 Broad Street, Room 700
Newark, New Jersey 07102

Counsel for Appellee

OPINION OF THE COURT

AMBRO, Circuit Judge.

Appellant Gerold Oliver ("Oliver") appeals from the final judgment and sentence imposed by the United States District Court for the District of New Jersey for stealing Government property with a value in excess of $20,000 in violation of 18 U.S.C. SS 641– 642. This Court has appellate jurisdiction under 28 U.S.C S 1291. The question for decision is this: when a criminal complaint has been pending for some months and is dismissed, and ther eafter an indictment issues charging offenses not contained in the dismissed complaint but arising out of the same criminal transaction, does the Speedy Trial Act, 18 U.S.C. SS 3161 et seq., require dismissal of the indictment? We hold that the answer is no.

The facts are simple and set up well the issue. In 1994, Oliver worked as a maintenance supervisor for the United States Postal Service (the "Postal Service") in Newark, New Jersey. On August 17, 1994, a co-worker threatened his life, leaving Oliver emotionally distraught and unable to return to work for the Postal Service. Hefiled for total disability benefits with the United States Department of Labor's Office of Workers' Compensation Pr ograms (the "Department") on August 23, 1994. His application was approved on October 11, 1994, and he was given notice that he should notify the Department if he r eturned to any employment. Over the course of the next six months, Oliver

2

completed nine forms to update his disability status with the Department. On eight of them he responded that requests for information regar ding whether he was employed were not applicable; on one he left the question blank. In fact, however, Oliver was working as a registered nurse at various area hospitals during the period of time when he received total disability benefits.

The Department learned of this discrepancy in June of 1995 and discontinued benefits. By that time, Oliver had received $24,133.80 in total disability benefits. On January 23, 1996, the Government filed a criminal complaint against Oliver charging that he "knowingly falsified, concealed, covered up, and made fraudulent statements in connection with the application for benefits" in violation of 18 U.S.C. SS 1920-1922 and 18 U.S.C. SS 1001-1002. After a series of continuances, however, the Gover nment moved to dismiss its own complaint, which a magistrate judge granted without prejudice on March 8, 1999.

On May 11, 1999, a federal grand jury in Newark indicted Oliver on a new charge not contained in the original complaint: one count of embezzling, stealing, purloining or converting Government pr operty in violation of 18 U.S.C. SS 641-642. Oliver moved to dismiss the indictment before trial on the ground that it violated the Speedy Trial Act, but the District Court denied the motion on September 7, 1999. A jury trial began on September 13, 1999. Oliver renewed his motion to dismiss the indictment at the close of the Government's case, and the motion was denied again. The jury returned a ver dict of guilty on September 14, 1999. Oliver again renewed his motion to dismiss the indictment and moved for judgment of acquittal on the ground that the jury's verdict was against the weight of the evidence. Both motions were denied. On December 13, 1999, the District Court sentenced Oliver to seven months imprisonment, three years supervised r elease, and seven months in a community treatment center . Oliver appealed.

On appeal, Oliver raises two issues: (1) whether the indictment against him should have been dismissed because it violates the time limits imposed by the Speedy Trial Act, and (2) whether he should have been acquitted

3

because the jury's verdict is unsupported by sufficient evidence. We find the second issue quickly resolved. A violation of S 641 may be established if the defendant "embezzles, steals, purloins, or knowingly converts to his use" Government property. 18 U.S.C.S 641. After reviewing the record and the parties' briefs, we ar e convinced that the jury had substantial evidence to conclude that Oliver stole property of the Government by intentionally deceiving it about his continued employment as a register ed nurse during the period of time he received total disability benefits.

Turning to the Speedy Trial Act issue, we conclude that the District Court did not err when it denied Oliver's motions to dismiss the indictment. The Speedy T rial Act requires that the Government file an indictment or information against a defendant "within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. S 3161(b). If the Government fails to comply with this time limit, the Act requires the dismissal of charges in the complaint. 18 U.S.C. S 3162(a)(1) ("If, in the case of any individual against whom a complaint is filed char ging such individual with an offense, no indictment or information is filed within the time limit required . .. , such charge against the individual contained in such complaint shall be dismissed or otherwise dropped.").

Oliver argues that the indictment char ging him with violating 18 U.S.C. SS 641-642 should have been dismissed as an invalid evasion of the time limits imposed by the Speedy Trial Act. He asserts that the Gover nment brought charges under SS 641-642 only because the original charges against him under 18 U.S.C. SS 1920-1922 and 18 U.S.C. SS 1001-1002 were time-barred under the Act. He also argues that the evidence of a run-around is clear because the charges in the indictment are based on the same underlying conduct as the initial complaint.

However, our review of decisions by other courts of appeals reveals a consensus that the Speedy T rial Act requires the dismissal of only those char ges that were made in the original complaint that triggered the thirty-day time period. See United States v. Miller, 23 F .3d 194, 199 (8th

4

Cir. 1994) ("A defendant's arrest on one charge does not necessarily trigger the right to a speedy trial on another charge filed after his arrest."); United States v. Nabors, 901 F.2d 1351, 1355 (6th Cir. 1990) ("18 U.S.C. S 3162(a)(1) only requires the dismissal of the of fense charged in the complaint . . . ."); United States v. Giwa , 831 F.2d 538, 541 (5th Cir. 1987) ("The Act requir es dismissal of only those charges contained in the original complaint."); United States v. Napolitano, 761 F.2d 135, 137 (2d Cir . 1985) ("The statutory language is clear: it requires dismissal only of `such charge against the individual contained in such complaint.' "); United States v. Heldt, 745 F.2d 1275, 1280 (9th Cir. 1984) ("Charges not included in the original complaint are not covered by the Act . . .."); United States v. Pollock, 726 F.2d 1456, 1462 (9th Cir . 1984) ("We hold that when the government fails to indict a defendant within 30 days of arrest, section 3162(a)(1) r equires dismissal of only the offense or offenses char ged in the original complaint."); United States v. Brooks , 670 F.2d 148, 151 (11th Cir. 1982) ("An arrest triggers the running of S 3161(b) of the Speedy Trial Act only if the arrest is for the same offense for which the accused is subsequently indicted."). Moreover, courts have r ejected the application of the transactional test suggested by Oliver and point out that Congress itself considered and r ejected this option. See, e.g., United States v. Derose , 74 F.3d 1177, 1184 (11th Cir. 1996) ("Congress consider ed and declined to follow the suggestion that the Speedy Trial Act's dismissal sanctions should be applied to a subsequent charge if it arose from the same criminal transaction or event as those detailed in the initial complaint or were known or r easonably should have been known at the time of filing the initial complaint."); Napolitano, 761 F.2d at 137 ("[T]he legislative history of the Act clearly indicates that Congr ess considered and rejected defendant's suggestion that the Act's dismissal sanction be applied to subsequent charges if they arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint."). We agree with and adopt the position of these courts of appeals. Accordingly, we affirm the District Court's decision not to dismiss the indictment against Oliver which contained no

5

overlapping charges with the original complaint against him.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

6