**UNITED STATES of America,**

v.

**Tammy WATKINS, and Anissa Peoples.**

**Criminal Action Nos. 02–120–1, 02–120–2.**

United States District Court, E.D. Pennsylvania.

April 19, 2002.

Barbara J. Cohan, U.S. Attorney's Office, Philadelphia, PA, for U.S.

Def. Assoc., Philadelphia, PA, for Tammy Watkins.

Elizabeth K. Ainslie, Schnader, Harrison, Segal & Lewis LLP, Philadelphia, PA, for Anissa Peoples.

## MEMORANDUM AND ORDER

SCHILLER, District Judge.

This Memorandum addresses two motions, both of which present the same legal issues: Defendant Tammy Watkins's motion to dismiss the indictment against her with prejudice, and the Government's motion for reconsideration of the dismissal of the indictment against Defendant Anissa Peoples with prejudice. For the reasons set forth below, I grant Ms. Watkins's motion and decline to reconsider the prior dismissal.

## BACKGROUND

In July 2001, Defendants Tammy Watkins and Anissa Peoples were arrested at the Philadelphia International Airport for their alleged involvement as so-called "mules" in a cocaine trafficking network. Shortly thereafter, the Government filed a complaint charging Defendants with conspiracy to import cocaine in violation of 21 U.S.C. § 963. With the acquiescence of Defendants and their counsel, the Government was granted five extensions of the thirty-day time period within which an information or indictment must be filed under the Speedy Trial Act, 18 U.S.C. § 3162. The last of these extensions expired on January 18, 2002. After a grand jury returned an indictment against Defendants on February 27, 2002, including a conspiracy count and counts directed at the crime of importation, Ms. Peoples

moved to dismiss the indictment against her with prejudice; Ms. Watkins later made a parallel motion.

With the Government admitting that its own conduct caused the violations of the Speedy Trial Act, the issue became whether, pursuant to § 3162(a)(2), the indictment would be dismissed with or without prejudice. For the reasons set forth in my Memorandum dated March 19, 2002, I dismissed all counts of the indictment against Ms. Peoples with prejudice. The Government then moved for reconsideration of this dismissal, contending that I should have dismissed only the count in the indictment charging conspiracy.

## DISCUSSION

### I. GOVERNMENT'S MOTION FOR RECONSIDERATION

#### A. Standard for Reconsideration

■ Because "Government counsel has since been made aware of a line of cases" (Gov.'s Mot. for Recons. at 1), the Government now contends that my prior order should be reconsidered and vacated to the extent it dismissed charges other than conspiracy. Reconsideration of a prior order, however, is an extraordinary remedy to be "granted sparingly because of the interests in finality and conservation of scarce judicial resources." *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D.Pa.1992). "The purpose of a motion for reconsideration," as the Third Circuit has held, "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).[1] Moreover, in moving for reconsid-

1. While the Federal Rules of Criminal Procedure do not specifically address motions for reconsideration, our Local Rule of Criminal Procedure 1.2 expressly adopts for use in

eration a party must rely on one of three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See N. River Ins. Co. v. CIGNA Reins. Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995).

· In urging the Court to vacate its prior order, the Government fails to address which of these grounds, if any, serves as the basis for its motion. It is clear that the Government's motion does not purport to bring to the Court's attention any new evidence or change in the controlling law. Despite the Government's obvious inattention to proper procedure in this regard, I consider the merits of the Government's arguments below.[2]

### B. Inartfulness of the Complaint and the Affidavit of Probable Cause

■ The Government's argument, which, of course, could have been raised much earlier, is that I should have dismissed only the count charging the same offense contained in the original complaint. Specifically, the Government contends that only the conspiracy count should be dismissed, allowing the Government to proceed in its prosecution of the substantive offense. In a very narrow sense the Government is correct: the complaint in these cases literally alleged only conspiracy. However, the affidavit of probable cause,

upon which the complaint is based, fails to mention or even imply the existence of a conspiracy. In particular, the affidavit is devoid of any reference to collusion, conspiracy, or an agreement. Rather, the affidavit is directed entirely at the substantive offense of ·importation, outlining how, and in what quantity, Ms. Peoples and Ms. Watkins allegedly brought cocaine into the country.

In effect, the Government is invoking its own inartfulness and imprecision to support its .position that it deserves a second chance to prosecute Defendants. Had the Government drafted a complaint that was fairly based on the underlying affidavit, it would now be unable· to contend that its case against Defendants for the substantive offense can go forward.[3]

### C. Government's Misplaced Reliance on Third Circuit Caselaw

In arguing for reconsideration of the dismissal, the Government relies heavily on *United States v. Oliver,* 238 F.3d 471 (3d Cir.2001). A careful reading of *Oliver,* however, reveals that the Government's reliance is misplaced. The defendant in *Oliver,* a postal worker receiving disability benefits, led the Government to believe that he was not working when in fact he was employed as a registered nurse. *Id.* at 472. The Government filed a criminal complaint alleging that the defendant "knowingly falsified, concealed, covered up,

---

criminal cases Local Rule of Civil Procedure 7.1(g), which permits a party to move for reconsideration or reargument.

**2.** The Government also argues that I should not have dismissed the conspiracy count with prejudice. Because the Government merely rehashes arguments made previously, I need not reiterate the reasoning stated in my prior memorandum. *See, e.g., Tobin v. Gen. Elec. Co.,* Civ. A. No. 95–4003, 1998 U.S. Dist. LEXIS 693, 1998 WL 31875, at *1 (E.D.Pa. Jan.27, 1998) ("a motion for reconsideration

is not properly grounded on a request that a court rethink a decision it has already made").

**3.** The Government's argument reminds me of the well-known maxim in *Animal Farm:* "All animals are equal but some animals are more equal than others." GEORGE ORWELL, ANIMAL FARM 133 (New American Library 1996) (1946). Here, the Government seems to contend all charges are equal but some charges are more equal than others.

and made fraudulent statements in connection with the application for benefits." *Id.* After the court granted the Government's motion to dismiss its own complaint without prejudice, a federal grand jury indicted Oliver for embezzling, stealing, purloining, or converting Government property—a new charge not contained in the original complaint. *Id.* In affirming the district court's decision not to dismiss the later indictment, the Third Circuit concluded that the "Speedy Trial Act requires the dismissal of only those charges that were made in the original complaint that triggered the thirty-day time period." *Id.* at 473. *See also United States v. Miller,* 23 F.3d 194 (8th Cir.1994) (complaint for narcotics violations which was dismissed for Speedy Trial Act violations does not bar subsequent indictment charging defendant with firearms offense).

Consideration of the substantial differences between the facts of the *Oliver* case and those of the cases at bar underscores the defects in the Government's argument. First, in *Oliver,* the dismissal of the earlier indictment was without prejudice.[4] Second, the later indictment in *Oliver* "contained no overlapping charges with the original complaint" against the defendant. *Oliver,* 238 F.3d at 474. *Cf. United States v. Napolitano,* 761 F.2d 135, 138 (2d Cir. 1985) ("a subsequent prosecution may be barred if it is based on an indictment which merely 'gilds' an earlier charge"). Third, the cases at bar involves evidence of a run-around not present in *Oliver.* Here, it was only after the indictment was dismissed with prejudice that the Government advanced its argument, premised on its disingenuous reading of the affidavit of

probable cause, that the prosecution of the importation offense is permissible.

Moreover, the broader implications of the Government's argument are troubling. The Government advances an interpretation of the Speedy Trial Act that would not merely encourage irresponsible gamesmanship, but eviscerate the Act altogether. Under its interpretation of *Oliver,* the Government would be free to file a complaint charging only conspiracy, knowing full well that in the event of a dismissal for violations of the Speedy Trial Act it would nevertheless be free to prosecute the substantive offense which the defendant allegedly conspired to do. For this reason, as well, the Government's position is untenable.

The Speedy Trial Act is not merely a suggestion, and the Government "has a statutory obligation to ensure that the purposes of the Speedy Trial Act are carried out...." *United States v. Lattany,* 982 F.2d 866, 882 (3d Cir.1992). Furthermore, the purpose of the Speedy Trial Act is to protect a constitutionally-guaranteed right:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. CONST., amend. VI. The right to a speedy trial is "as fundamental as any of the rights secured by the Sixth Amend-

---

**4.** The reasons for the district court's dismissal of the indictment are not expressly stated in the Third Circuit's opinion. However, the facts recited in the opinion suggest that Oliver had not made any actual false statements, thus forcing the Government to move for a dismissal. *See Oliver,* 238 F.3d at 472.

ment," and its history and "its reception in this country clearly establish that it is one of the most basic rights preserved by our Constitution." *Klopfer v. North Carolina,* 386 U.S. 213, 223, 225, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

In addition, the importance of the right to a speedy trial is two-fold. "It must be remembered that a speedy trial is not only viewed as necessary to preserve the rights of defendants.... The trial of a criminal case should not be unreasonably delayed because a defendant might find it advantageous to play a waiting game hoping, for example, that government witnesses may disappear or become forgetful." *United States v. Caparella,* 716 F.2d 976, 981 (2d Cir.1983). Thus, "there is a societal interest in providing a speedy trial...." *Barker v. Wingo,* 407 U.S. 514, 519, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). It took tens of millions of years for continental drift to create wholly different features on the earth, but, amazingly, in a little more than 200 years the Government in these cases is intent upon urging this Court to experience constitutional drift which threatens to change the meaning and impact of well-known and accepted constitutional principles. The practices for which the Government seeks the Court's approval have simply drifted too far away from protections guaranteed by the Speedy Trial Act and the Sixth Amendment's right to a speedy trial and knowledge of the crime being charged.

**II. DEFENDANT WATKINS'S MOTION TO DISMISS**

Because I believed there may have been additional considerations related to the Government's involvement with Defendant Watkins that would require a different result from the one reached in Ms. Peoples's case, I dismissed the indictment with prejudice only with respect to Ms. Peoples. After holding a hearing, I learned that the Government's involvement with Ms. Wat-

kins was virtually identical to its involvement with Ms. Peoples. Consequently, I find that the reasons for dismissing the indictment against Ms. Peoples apply with equal force to Ms. Watkins, and I now dismiss the indictment against Ms. Watkins with prejudice. Moreover, because I have rejected the arguments raised by the Government in its motion for reconsideration, the dismissal is not limited to the conspiracy count.

**CONCLUSION**

Regrettably, the fine work done by law enforcement officers at the airport by apprehending two possessors of illegal drugs must come to naught because of the subsequent actions of the Government. It remains unclear whether the Speedy Trial Act violations resulted from the Government's confusion, dereliction, or deception. What is clear, however, is that the Government has been less than forthright in owning up to its shortcomings. Sometimes it is better to acknowledge a mistake than to ask the Court to make ill-advised law which diminishes rights guaranteed to all. That is, sometimes it is better to swallow hard and walk away.