NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2161
_____

UNITED STATES OF AMERICA

v.

OLIVER CHUKWUMA,

Appellant
_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. No. 2-09-cr-00195-001)
District Judge: Hon. Faith Fochberg
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
November 15, 2011

BEFORE:  FUENTES, CHAGARES, *Circuit Judges* and RESTANI,[*] *Judge*

(Opinion Filed: December 13, 2011)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*.

Appellant Oliver Chukwuma was indicted for his participation in a scheme to

defraud his former employer by submitting fraudulent invoices for contracting work that

_____

[*]      Honorable Jane A. Restani, Judge of the United States Court of International
Trade, sitting by designation.

1

was never performed and for bribing a bank employee.  After a jury trial, he was found guilty of one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, one count of bribery of a bank employee in violation of 18 U.S.C. § 215(a)(2) and three counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  He was sentenced to 86 months' imprisonment.

On appeal, Chukwuma contends the District Court committed four errors that warrant a reversal of his conviction and remand for a new trial.  Specifically, he contends that the District Court erred when it: (1) admitted his false employment application in violation of Rule 404(b) of the Federal Rules of Evidence; (2) denied his motion for a mistrial after the Government made a statement during summation that referred to his silence at trial; (3) denied his motion to dismiss count one of the indictment for violation of the Speedy Trial Act, 18 U.S.C. § 1361 *et seq.*; and, (4) relied upon hearsay statements in determining as a threshold matter whether a conspiracy existed for the sole purpose of admitting hearsay statements of co-conspirators.   For the following reasons, we will affirm the District Court.[1]

I.

Because we write only for the parties, we discuss only those facts necessary to our decision.

Chukwuma was employed as a project manager at Fleet Bank.  He was responsible for hiring contractors to perform work at bank facilities and approving payment of

---

[1]     The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

invoices. The indictment alleged that he knowingly approved false or inflated invoices. His co-conspirator, Jack Lubin, testified that he would submit invoices to Chukwuma for work that was never performed and that Chukwuma would approve them. Lubin would then pay Chukwuma half of the after-tax proceeds. In fact, according to Lubin, they would specifically target projects that were completed under budget because they remained open for accounting purposes. Over two years, Chukwuma approved more than 200 inflated or false invoices.

Fleet Bank discovered the fraud and terminated Chukwuma. About six months later, Chukwuma applied for, and eventually got, a job at Valley National Bank. On his employment application, he indicated that he was laid-off from his job and gave an incorrect name and telephone number for his supervisor. While at Valley, Chukwuma demanded $20,000 from a contractor in order for that contractor to continue to be eligible for projects at the bank. The contractor paid that amount by approving an invoice from an architectural firm owned by David Agnew, Chukwuma's friend. Once the money was paid, Agnew gave the money to Chukwuma.

Chukwuma was arrested on June 14, 2006 on a criminal complaint that charged him with a single count of bank fraud in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 2. From June 2006 through January 2008, several federal magistrate judges issued a series of continuance orders. The last such order expired in January 2008. Over a year later, the grand jury indicted Chukwuma. This indictment charged him with nine counts: Count 1 charged him with conspiracy to commit bank fraud, Counts 2 through 5 charged him with bank fraud, Count 6 charged him with corrupt demand of a payment by a bank employee,

3

and Counts 7 through 9 charged him with money laundering. The District Court dismissed Counts 2 through 5 for violation of the Speedy Trial Act, but declined to dismiss Count 1, the conspiracy charge.

At trial, along with the direct testimony of his co-conspirator, Lubin, the Government introduced evidence of falsified invoices bearing Chukwuma's authenticated handwriting, Chukwuma's handwritten and typewritten instructions for preparing fraudulent invoices, and testimony from other Fleet Bank employees that Chukwuma approved invoices on their closed projects that he had no authority to approve. The Government also introduced notes in Chukwuma's handwriting tracking the proceeds of the fraud.

## II.

### A.

Generally, we review the admissibility of evidence under an abuse of discretion standard. *United States v. Christie*, 624 F.3d 558, 567 (3d Cir. 2010). However, when an objection is not raised before the District Court, it is reviewed for plain error. *Id.* Even if we find the District Court erred, its decision stands if the error was harmless. *Id.* Chukwuma stipulated to the admission of the employment application and thus it is reviewed for plain error. *Id.*

Rule 404(b) of the Federal Rules of Evidence provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence can be admitted if has a proper purpose under Rule 404(b), it is relevant under Rule 402, its probative value outweighs

4

the potential for unfair prejudice under Rule 403, and the District Court provides a limiting instruction when such an instruction is requested. *United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002) (citing to *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988)).

Here, Chukwuma argues that the employment application was admitted for an improper purpose and that the District Court failed to give a limiting instruction. The District Court determined that the evidence was admissible for the proper purpose of showing a lack of knowledge and a lack of mistake. At trial, Chukwuma argued that he did not know the invoices were false and was only negligent in approving them. His falsified employment application tended to show an absence of mistake. Chukwuma was attempting to conceal the fraud from his new employer, which tends to show that he was had knowledge the invoices were false. Therefore, it was not plain error to admit the evidence under the rule. Fed. R. Evid. 404(b). *See also United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010).

Further, while the District Court failed to give a limiting instruction, it did so only on defense counsel's insistence. The District Court gave defense counsel two opportunities to provide the Court with a draft limiting instruction. Defense counsel declined, stating that "I think we've come up with a way to address this without the need for a limiting instruction at this point." SA-185. Failure to sua sponte give a limiting instruction after counsel specifically declines it is not plain error. *See United States v. Petersen,* 622 F.3d 196, 202 (3d Cir. 2010). Further, given the plethora of evidence against Chukwuma, admission of this evidence was harmless.

5

B.

Chukwuma also contends the District Court erred when it denied his motion for a mistrial because the prosecutor commented on his silence at trial. We review such a motion for abuse of discretion. *United States v. Riley*, 621 F.3d 312, 335-36 (3d Cir. 2010). During rebuttal summation, the prosecutor stated that: "[t]his is a two person conspiracy ladies and gentlemen. The defendant and Jack Lubin. Jack Lubin offers that unique perspective and by unique there is only one other person who can testify in a two person conspiracy, the other co-conspirator." SA-1054. Defense counsel immediately objected, the District Court sustained the objection and gave the jury a limiting instruction, which it repeated in its jury instructions.

A remark directed at a defendant's silence is impermissible if "the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *United States v. Brennan*, 326 F.3d 176, 187 (3d Cir. 2003). "The claim that a prosecutor's remark *necessarily* would be perceived by a jury as an adverse comment on the accused's silence must be assessed in the context of the summation as a whole and of the evidence introduced at trial." *United States v. Brown*, 254 F.3d 454, 463 (3d Cir. 2001) (quotation marks omitted). Further, a single isolated inappropriate comment does not generally warrant a new trial; rather, such a remedy is warranted only when counsel engages in "repeated conduct that permeates the trial." *United States v. Riley*, 621 F.3d 312, 339 (3d Cir. 2010).

6

While a jury might interpret the statement as a comment on Chukwuma's failure to testify, it is not the natural and necessary inference. The prosecutor was inartfully attempting to rebut defense counsel's argument that Lubin framed Chukwuma. *See Brown*, 254 F.3d at 464. Further, the District Court took appropriate steps to instruct the jury to disregard such comment. As this was a single isolated comment that was not necessarily directed at defendant's silence during trial, the District Court's denial of Chukwuma's motion for a mistrial was not an abuse of discretion.

C.

Chukwuma contends that the District Court erred when it denied his motion to dismiss Count 1 of the indictment for violation of the Speedy Trial Act.

Under the Speedy Trial Act, "[i]f, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit . . . such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). The Act "requires the dismissal of only those charges that were made in the original complaint that triggered the thirty-day time period." *United States v. Oliver*, 238 F.3d 471, 473 (3d Cir. 2001).

As the Count 1 conspiracy charge was not contained in the original untimely complaint, it does not independently run afoul of the Speedy Trial Act. *Id.* Chukwuma urges us to apply the so-called "gilded exception," whereby a timely-brought charge that merely "embellishes" an untimely charge can be dismissed under the Act. *See United States v. Watkins*, 339 F.3d 167, 175-177 (discussing, but declining to adopt, the gilding

7

exception). This Court has not yet recognized such an exception to the Speedy Trial Act. *Id.* Even if we did, it would not preclude the government from bringing a conspiracy charge after a substantive charge was dismissed as untimely because "a substantive crime and a conspiracy to commit that crime are not the 'same offense' for double jeopardy purposes." *Id.* at 177. Thus, the District Court properly declined to dismiss Count 1.

## III.

We have considered Chukwuma's remaining arguments and find them to be without merit. The District Court will be affirmed.