NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————————

No. 12-3907

——————————

UNITED STATES OF AMERICA

v.

ANDREW COX,

Appellant

——————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-11-cr-00099-001)
District Judge: Honorable Jose L. Linares

——————————

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2014

Before:  AMBRO, HARDIMAN, and GREENAWAY, Jr., Circuit Judges

(Opinion filed: January 29, 2014)

——————————

OPINION

——————————


AMBRO, Circuit Judge

Appellant Andrew Cox pled guilty to six counts of knowingly distributing child

pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and was sentenced to 262

months' imprisonment.  In pleading guilty, Cox reserved the right to appeal three particular issues concerning his conviction. He now appeals those issues, as well as his sentence and the District Court's denial of his request to withdraw his guilty plea.[1]  We affirm.

## I. Background

In September 2010, law enforcement agents communicated with Cox about purchasing DVDs containing images of child pornography.  The investigation began after a cooperating witness reported that he had purchased materials containing child pornography from Cox on multiple occasions between May and June of 2010.  Investigators emailed Cox at an address provided by the cooperating witness.  After arranging an order, investigators received the materials at a P.O. Box address in Pennsylvania.  Further investigation confirmed that the email address and payment account used in the transaction were registered to Cox's home address in Columbus, Ohio.

Based on the information uncovered in the investigation, on December 1, 2010, a criminal complaint was filed against Cox in the District of New Jersey for one count of knowingly distributing child pornography.  This count specifically pertained to the controlled purchase by the Government's investigators in September 2010.  The following day, Cox was arrested during a search of his residence in Columbus.  During

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

the search, investigators recovered computer equipment and several hundred DVDs containing approximately 2,100 images and 4,200 videos of child pornography.

Cox was arraigned in Ohio and transported by the U.S. Marshal's Service to the District of New Jersey, where he arrived on January 5, 2011. While Cox was being transported, the Government filed a superseding complaint, broadening the date range for the conduct to April 2010 through October 2010, and specifically describing two distributions on May 10, 2010 and September 29, 2010. A grand jury returned an indictment on February 9, 2011, charging only one count based on the May 10, 2010 transaction. Subsequently, the grand jury returned a superseding indictment charging six separate counts that Cox knowingly distributed child pornography on May 10, May 14, June 9, June 16, June 25, and June 29, 2010.

Cox brought three pretrial motions, all of which he now pursues on appeal. They were (1) to dismiss all counts in the superseding indictment based on violations of the Speedy Trial Act, (2) to dismiss all charges based on the illegality of his arrest, and (3) to suppress evidence from the search of his home on a theory that the officers lacked probable cause. Judge Linares denied all three motions, except that he dismissed Count One of the superseding indictment under the Speedy Trial Act without prejudice (but denied Cox's motion with respect to Counts Two through Six).

Following the dismissal of Count One, the grand jury returned a second superseding indictment containing charges identical to those contained in the earlier indictment, including the dismissed count. Cox entered a conditional guilty plea to this latest indictment. In his plea agreement, he stipulated that the total Guidelines offense

3

level was 37 and that "a sentence within the Guidelines range that results from the agreed total guidelines offense level of 37 is reasonable." Cox also waived the right to appeal his sentence if it fell "within the Guidelines range that results from the agreed total Guidelines offense level of 37." He also broadly waived the right to appeal his conviction, except that he explicitly reserved the right to appeal the District Court's denial of his pretrial motions. Specifically, under the plea agreement Cox

> expressly reserve[d] . . . the right to appeal . . . his conviction only on the grounds that: (1) his motion to dismiss for violation of the Speedy Trial Act should have been granted with prejudice; (2) his motion to dismiss for improper arrest should have been granted; and (3) his motion to suppress evidence should have been granted because the search warrant for his residence . . . lacked probable cause or was based on stale information.

After entering the plea but before he was sentenced, Cox, proceeding *pro se*, moved to withdraw his guilty plea. The District Court denied the motion, and sentenced him to 262 months' imprisonment, which was within the stipulated Guidelines range of 210 to 262 months' imprisonment. Cox now appeals his conviction and sentence.

## II. Discussion

Cox raises five arguments on appeal. He challenges the District Court's rulings on each of his three pretrial motions, the denial of his motion to withdraw his plea, and the calculation of his sentence.

Motion to Withdraw Guilty Plea

We begin with Cox's plea agreement because, if it is valid, that agreement limits Cox's ability to appeal certain aspects of his conviction and sentence. The District Court's ruling on a motion to withdraw a guilty plea prior to sentencing is reviewed for

4

abuse of discretion. *United States v. King*, 604 F.3d 125, 139 (3d Cir. 2010). The defendant bears the burden of demonstrating a "fair and just reason" for withdrawing the plea. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). This burden is substantial: "'A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty.'" *Id.* (quoting *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001)).

A District Court considers three factors in evaluating whether to grant a plea withdrawal: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id.* (citations omitted). As to the first factor, "[o]nce a defendant has pleaded guilty, he 'must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial.'" *Id.* at 253 (quoting *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992)). If the defendant does not demonstrate a sufficient ground for withdrawing the plea, the Government is not required to show prejudice. *United States v. Martinez*, 785 F.2d 111, 116 (3d Cir. 1986).

The District Court did not abuse its discretion in finding that each of the three factors weighed in favor of denying the motion. Even giving Cox's *pro se* motion to withdraw his guilty plea a liberal construction, he failed to state affirmatively his innocence, present facts to support such an assertion, or explain why he admitted, during

5

his earlier plea colloquy, to distributing child pornography. *Brown*, 250 F.3d at 818 ("In assessing a defendant's claim of 'legal innocence' for purposes of withdrawal of a guilty plea, we must first examine whether the defendant has asserted his or her factual innocence.").

Cox's explanations for why he sought to withdraw his plea are similarly deficient. His arguments about alleged misconduct by the Government lack factual and legal support and were apparently within his knowledge at the time he entered his guilty plea. Finally, even assuming the District Court needed to examine the third factor, its finding that the Government would suffer prejudice from a withdrawal of the plea because its cooperating witness had already been sentenced was not clearly erroneous. *Martinez*, 785 F.2d at 113 n.1 (applying clear error review to a District Court's finding of facts for a motion to withdraw a guilty plea). Because all three *Jones* factors favored denying Cox's motion to withdraw, we conclude that the District Court did not abuse its discretion in denying the motion.

Motion to Suppress Search Warrant

Cox next contends that the District Court erred in denying his motion to suppress evidence seized during the December 2, 2010 search of his apartment. We review the District Court's findings of fact on a motion to suppress for clear error, but exercise plenary review of its legal conclusions. *United States v. Tracey*, 597 F.3d 140, 146 (3d Cir. 2010).

Cox's argument that the Government lacked probable cause for the search fails. The affidavit supporting the warrant application indicated that investigators had evidence

that an email account associated with Cox's residence had sent emails related to the distribution of numerous videos containing child pornography and referenced future deliveries, and that the P.O. Box associated with these deliveries was registered to Cox's home address. Based on the information contained in the affidavit, we have no doubt that the search warrant was supported by probable cause because there was "a fair probability that contraband or evidence of a crime" would be found pursuant to the warrant. *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010) (quotation and citation omitted). Thus, we do not address the parties' arguments about the applicability of the "good faith" exception to the exclusionary rule.[2]

We also reject Cox's argument that the information contained in the affidavit was "stale," given that the affidavit described illegal activity that occurred in October 2010, just two months before the search warrant was executed. *See United States v. Vosburgh*, 602 F.3d 512, 529 (3d Cir. 2010) (information concerning child pornography "has a relatively long shelf life," especially when the crime "is accomplished through the use of a computer").

Motion to Dismiss Based on Invalid Arrest

Cox also argues that the District Court should have dismissed the indictment against him because the warrant used to arrest him was invalid. Specifically, he argues

---

[2] Cox also argues that the motion to suppress should have been granted because the Government improperly executed the search warrant. He failed to raise that argument before the District Court and provides no explanation for that failure. The argument is therefore barred. *United States v. Rose*, 538 F.3d 175, 182 (3d Cir. 2008) ("[A] suppression argument raised for the first time on appeal is waived (*i.e.*, completely barred) absent good cause.").

7

that (1) the warrant incorrectly listed "Richard Rowley" as the target; (2) the affidavit supporting the warrant falsely stated that the illegal materials were sent to an address in New Jersey; and (3) the arresting officers refused to produce the warrant on Cox's request. When reviewing a motion to dismiss an indictment, "[w]e exercise plenary review over the District Court's legal conclusions and review any challenges to its factual findings for clear error." *United States v. Huet*, 665 F.3d 588, 594 (3d Cir. 2012) (citation omitted).

While it is true that Federal Rule of Criminal Procedure 4(b)(1)(A) requires that an arrest warrant contain the defendant's name, "[a] mere technical error does not automatically invalidate the warrant." *United States v.* Carter, 756 F.2d 310, 313 (3d Cir. 1985). Rather, "[t]he true inquiry . . . is . . . whether there has been such a variance as to affect the substantial rights of the accused." *Id.* (internal quotation and citation omitted). Moreover, Cox must prove that the misstatement in the arrest warrant "was made intentionally or with reckless disregard for the truth." *Id.* (citing *Franks v. Delaware*, 438 U.S. 154, 155 (1978)).

We agree with the Government that the incorrect name on the warrant was a mere technical error because the remainder of the warrant and the accompanying information sheet made clear that Cox was the target. *Powe v. City of Chi.*, 664 F.2d 639, 645 (7th Cir. 1981) ("[A]n arrest warrant that incorrectly names the person to be arrested will usually be deemed insufficient to meet the fourth amendment's particularity requirement, *unless* it includes some other description of the intended arrestee that is sufficient to identify him." (emphasis added)). In addition, Cox has presented no evidence, as

required, that the error was intentional or reckless. His argument that the complaint supporting the arrest incorrectly stated the location where materials were received is even weaker. There is no reason to believe such a small detail affected the Magistrate Judge's decision to grant the arrest warrant (and thus obviously did not affect Cox's substantial rights).

Finally, Cox's argument that the officers' failure to show him the warrant—an alleged violation of Federal Rule of Criminal Procedure 4 (concerning arrest warrants on a complaint)—justifies dismissing the complaint would require us to extend our holding in *United States v. Martinez-Zayas*, 857 F.2d 122 (3d Cir. 1988), *overruled in part by United States v. Chapple*, 985 F.2d 729 (3d Cir. 1993), that a violation of Federal Rule of Criminal Procedure 41 (which deals with searches and seizures in general) may warrant suppression. *Id.* at 136-37. Even assuming such an extension is appropriate (we decline to decide that issue), Cox has not shown that the failure in this case caused prejudice or was done with intentional and deliberate disregard of the rule's requirements as would be required under *Martinez-Zayas*.[3]

Motion to Dismiss the Indictment Based on Violations of the Speedy Trial Act

Cox next argues that the indictment should have been dismissed in full because of violations of the Speedy Trial Act and, alternatively, that the count that was dismissed by

---

[3] Alternatively, regardless of the validity of the arrest warrant, Cox's arrest was likely valid because he was arrested in the course of a legally executed search and there was probable cause to believe he had committed a crime. *See, e.g., Russell v. Harms*, 397 F.3d 458, 466 (7th Cir. 2005) (collecting cases). However, because our Court has not yet held that an arrest is valid under such circumstances, we do not base our decision on that ground.

the District Court should have been dismissed with prejudice. "We exercise plenary review over the District Court's application of the Speedy Trial Act," *United States v. Willaman*, 437 F.3d 354, 357 (3d Cir. 2006), and review for clear error any underlying factual findings, *United States v. Watkins*, 339 F.3d 167, 171 n.2 (3d Cir. 2003). We review the District Court's decision to dismiss counts with or without prejudice for abuse of discretion. *United States v. Taylor*, 487 U.S. 326, 342-43 (1988).

Cox's argument that all six counts of the indictment should have been dismissed depends on the faulty premise that a violation of the Speedy Trial Act will require the dismissal of all counts brought under the same statute, even where the counts, as here, are based on different criminal conduct. The District Court properly dismissed Count One of the indictment because more than 30 days had elapsed between Cox's arrest on the May 10, 2010 charges and the filing of the indictment on that charge. 18 U.S.C. § 3161(b). But the remaining five counts in the superseding indictment charged conduct committed on different dates that was never previously charged in a complaint. Therefore, those counts did not violate the Speedy Trial Act. *See United States v. Oliver*, 238 F.3d 471, 473 (3d Cir. 2001) ("[O]ur review of decisions by other courts of appeals reveals a consensus that the Speedy Trial Act requires the dismissal of only those charges that were made in the original complaint that triggered the thirty-day time period." (citations omitted)); *see also United States v. Oberoi*, 547 F.3d 436, 446 (2d Cir. 2008) ("We . . . do not dismiss an untimely indictment pursuant to [the Speedy Trial Act] if it pleads different charges from those in the complaint." (internal quotation and citation omitted)), *abrogated on other grounds by Bloate v. United States*, 559 U.S. 196 (2010).

10

Nor did the District Court abuse its discretion in dismissing Count One without prejudice. In deciding whether to dismiss an indictment with or without prejudice, a court considers (1) the seriousness of the charge, (2) the facts and circumstances leading to dismissal, (3) the effect of reprosecution on administration of the Speedy Trial Act and justice, and (4) prejudice to the defendant. 18 U.S.C. § 3162(a)(1); *United States v. Taylor*, 487 U.S. 326, 334 (1988). Given the seriousness of the charges against Cox, the short period of delay in bringing the indictment (two days), and the absence of any evidence that the Government engaged in a pattern of delay, we conclude that the District Court did not abuse its discretion in dismissing the count without prejudice.

Calculation of Guidelines Range

Cox also challenges the calculation of his Guidelines range, arguing that the District Court erred by failing to group all counts together under U.S.S.G. § 3D1.2. His argument is not only precluded by the broad appellate waiver in his plea agreement, *see* App. at 259 (waiving the right to appeal any issue except those expressly reserved), but also because he specifically stipulated to the Guidelines range that the Court applied, *see id.* at 257 (stipulating to a Guidelines range of 210-262 months' imprisonment). Thus, we need not consider Cox's arguments that the District Court erred in calculating his Guidelines range.

For the foregoing reasons, we affirm.[4]

---

[4] Cox has submitted several motions in connection with this appeal. They are largely mooted by this decision, but will be formally dealt with in a separate order.